IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| TRACY SORAPURU, | § | |
|---|---|---|
| | § | CIVIL ACTION NO. 2:17-cv-07448 |
| *Plaintiff*, | § | |
| | § | HONORABLE JUDGE ENGELHARDT |
| v. | § | |
| | § | MAG. JUDGE NORTH |
| CORNERSTONE CHEMICAL COMPANY, | § | |
| | § | |
| *Defendant*. | § | |

## ANSWER

Now comes, Defendant, Cornerstone Chemical Company ("Defendant"), and with a reservation of all rights, privileges, and defenses, including those under the Federal Rules of Civil Procedure, and answers the Complaint filed by Plaintiff, Tracy Sorpuru ("Plaintiff"), as follows:

1. To the extent Plaintiff had alleged Defendant discriminated against her based on age and/or gender, such allegation is denied. [1]

2. Defendant admits Plaintiff first began working at the Waggaman plant site in 1995 but that she was first employed by Defendant in March, 2011.

3. Defendant denies that Plaintiff has been subjected to age or gender discrimination as alleged.

4. Defendant denies that Plaintiff alerted its human resources department about "concerns of discrimination" in violation of either Act in October, 2014.

---

[1] Although the allegations in the Complaint are unnumbered, Defendant will endeavor to answer them individually and will use number sin this pleading.

1

5. Due to the vague wording of the Complaint, Defendant lacks sufficient knowledge to admit or deny that "new guidelines" with age and physical ability limitations were ever implemented.

6. Due to the vague wording of the Complaint, Defendant lacks sufficient knowledge to admit or deny that Aaron Marques and Stephen Bull ever met to discuss the "guidelines" or that they ever revised the "guidelines."

7. Due to the vague wording of the Complaint, Defendant lacks sufficient knowledge to admit or deny whether Marques had any discussions with Bull about "recognize[ing] [Plaintiff's] seniority."

8. Due to the vague wording of the Complaint, Defendant lacks sufficient knowledge to admit or deny that Bull "did not correct this." The meaning of "this" is unclear from the Complaint.

9. Defendant denies that "the Union" became involved in any issue pertaining to Plaintiff's "seniority." The only action in which the Union was involved was its representation of Plaintiff in arbitration regarding Plaintiff's termination. At an evidentiary hearing held on September 23, 2015 Plaintiff was represented by counsel. Subsequently, the FMCS assigned arbitrator held that Defendant had just cause to terminate Plaintiff due to her performing work in fulfillment of her outside real estate job on company equipment and while on duty and being paid by Defendant. In fact, he noted that the number of outside website hits from January, 2015 through March 20, 2015 while on company time numbered 9,680 which is a "staggering number."

10. Due to the vague wording of the Complaint, Defendant lacks sufficient knowledge to admit or deny the sentence in the Complaint regarding Dylan Cochrane. The sentence is unintelligible.

11. Due to the vague wording of the Complaint, Defendant lacks sufficient knowledge to admit or deny that Cochrane told conflicting stories to an unidentified union representative and human resources. The subject of these alleged stories is not explained in the Complaint.

12. Due to the vague wording of the Complaint, Defendant lacks sufficient knowledge to admit or deny that an unexplained meeting may have been the reason Plaintiff contacted the EEOC.

13. Due to the vague wording of the Complaint, Defendant lacks sufficient knowledge to admit or deny that the EEOC ever communicated with Plaintiff.

14. Defendant admits that it attended a meeting with Plaintiff and a union representative on April 14, 2015.

15. Due to the vague wording of the Complaint, Defendant lacks sufficient knowledge to admit or deny that Plaintiff addressed an unexplained "company situation" with her union representative.

16. Due to the vague wording of the Complaint, Defendant lacks sufficient knowledge to admit or deny that Marques was upset over the unexplained "company situation."

17. Due to the vague wording of the Complaint, Defendant lacks sufficient knowledge to admit or deny that Marques asked to speak with Plaintiff after the unexplained meeting with her union representative.

18. Due to the vague wording of the Complaint, Defendant lacks sufficient knowledge to admit or deny that Plaintiff asked for a union representative to attend an unexplained meeting.

19. Defendant admits that Plaintiff was terminated for violating company policy by conducting outside business as a real estate agent while being compensated by Defendant.

20. Defendant lacks sufficient knowledge to admit or deny that Plaintiff has been a realtor for 15 years.

21. Due to the vague wording of the Complaint, Defendant lacks sufficient knowledge to admit or deny that Dave Schanke has ever contacted Plaintiff "on numerous occasions" about "real estate."

22. Due to the vague wording of the Complaint, Defendant lacks sufficient knowledge to admit or deny that Plaintiff is "not the only employee with multiple jobs or realtor."

23. Defendant denies the allegation that it ever retaliated against Plaintiff for "the union meeting" or for filing an EEOC charge.

## FIRST DEFENSE

The Complaint fails to state any claim against Defendant upon which relief may be granted, and Plaintiff has failed to allege facts sufficient to constitute actionable claims against it, including but not limited to jurisdiction of the Court and numerous elements of each and every cause of action, which Defendant does not waive in this Answer.

## SECOND DEFENSE

The Complaint fails to state a claim against Defendant as a matter of law, for violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000-e ("Title VII") or the Age Discrimination in Employment Act ("ADEA").

### THIRD DEFENSE

Any allegation not raised in Plaintiff's administrative charge of discrimination with the EEOC should be dismissed as untimely. Thus, as to any such claims, Plaintiff has failed to properly exhaust her administrative remedies as to any such claim(s), and the Court lacks subject matter jurisdiction thereof.

### FOURTH DEFENSE

Some, if not all, of Plaintiff's claims are barred, in whole or in part, by time limitations or statutory requirements.

### FIFTH DEFENSE

Notwithstanding Defendant's assertion that each and every employment decision was made in good faith without any age animus or discriminatory or retaliatory intent. Defendant avers that even if such criteria had been factors in its decisions, it would have made the same employment decisions and actions absent said factors and, therefore, Plaintiff cannot recover in this action.

### SIXTH DEFENSE

Defendant is entitled to all just and lawful offsets and credits against the damages (if any) to which Plaintiff may be entitled.

### SEVENTH DEFENSE

Defendant is not liable to Plaintiff because any of its actions were based on good faith and a reasonable belief that no violation of the laws asserted was being committed. Likewise, its

actions were not extreme or outrageous conduct and it has not taken any unlawful action with respect to Plaintiff as alleged.

## EIGHTH DEFENSE

Defendant did not illegally discriminate or retaliate against Plaintiff, intentionally or otherwise; any employment-related actions or omissions affecting Plaintiff was for non-discriminatory and legitimate business reason(s), and/or reasonable factor(s) other than an illegal one.

## NINTH DEFENSE

The purported claims for damages and relief requested in the Complaint are limited in whole or in part by statute.

## TENTH DEFENSE

Alternatively, to the extent that Plaintiff is entitled to recover any damages at all in this action, she has failed or refused to mitigate them and to that extent is barred from recovery or in the alternative, her recovery, if any, should be offset by her failure or refusal to mitigate her alleged damages. Plaintiff failed to take reasonable steps to avoid damages. She engaged in contributory conduct and does not have clean hands. Any alleged damages should be barred by the equitable doctrine of estoppel and/or because she waived her right to recover damages by any and all of the above. Moreover, if Plaintiff was damaged, which damages are denied, the damages were proximately caused by or contributed solely by the acts, wrongs, or omissions of Plaintiff or other persons, entities, forces or things over which Defendant had no control and/or for which Defendant was not responsible, or which it had no knowledge of. In the further alternative, Plaintiff fails to claim or assert any facts or circumstances that would warrant damages against Defendant, and its actions exhibited no extreme or outrageous conduct, and

Defendant has not taken any unlawful action with respect to the Plaintiff or her employment. However, in the event she seeks damages pursuant to 42 U.S.C. §1981a, such damages should be capped in conformity with the statutory provisions.

## ELEVENTH DEFENSE

Defendant disputes the nature and extent of Plaintiff's claimed damages.

## TWELFTH DEFENSE

Some or all of the claims against Defendant and/or some or all of the relief requested are barred because even if Defendant is found to have taken any actions affecting Plaintiff, such actions were not malicious, egregious, in bad faith, or in willful or reckless indifference or disregard to any legal right(s) of Plaintiff.

## THIRTEENTH DEFENSE

Plaintiff was terminated for just cause.

## FOURTEENTH DEFENSE

Any allegation not specifically admitted is denied.

## FIFTEENTH DEFENSE

Defendant reserves the right to articulate additional defenses of which it may become aware during the course of litigation.

## SIXTEENTH DEFENSE

Plaintiff did not engage in protected activity and cannot establish the requirements of a retaliation claim.

## PRAYER FOR RELIEF

IN ADDITION, Defendant asserts that all allegations in the Complaint not expressly admitted in this Answer are hereby denied.

FURTHERMORE, Defendant affirmatively states that the prayer in the Complaint is neither appropriate nor justified. There are no grounds in fact, law, equity, or any other source that warrant the granting of Plaintiff's prayer for relief.

**WHEREFORE**, Defendant, Cornerstone Chemical Company, prays that this Answer be deemed good and sufficient and that judgment be entered in its favor after due proceedings, dismissing the Complaint in its entirety.

Respectfully submitted,

*/s/ Ernest Malone, Jr.*
Ernest R. Malone, Jr. (LA Bar No. 9066)
Stephen H. Clement (LA Bar No. 34850)
**THE KULLMAN FIRM**
1100 Poydras Street, Suite 1600
New Orleans, Louisiana 70163
Telephone: (504) 524-4162
Facsimile: (504) 596-4189
erm@kullmanlaw.com
shc@kullmanlaw.com

**COUNSEL FOR DEFENDANT**

CERTIFICATE OF SERVICE

I certify that on September 16, 2017, I electronically filed the foregoing with the Court's CM/ECF system, which will send a notice of electronic filing, and I further certify that I served a copy by U.S. Mail to:

Ms. Tracy Sorapuru
220 Beaupre Drive
Luling, LA 70070

*/s/ Ernest R. Malone, Jr.*